IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SELINA ALONZO

    Plaintiff,

vs.                                                                                 No. CIV-03-761 JP/LFG

MARK A DIETZ, both individually
And in his capacity as an Officer of
the City of Albuquerque Police
Department (APD), CITY OF
ALBUQUERQUE, and GILBERT G.
GALLEGOS, both individually and
in his capacity as CHIEF of the City
of Albuquerque Police Department
(APD).

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On July 14, 2003, Plaintiff filed a Motion for Partial Remand and a Motion for Stay of Proceedings. Having reviewed the briefs and relevant law, I find that both motions should be denied.

**I.    Background**

Plaintiff filed this civil rights action in state court on May 20, 2003. The facts giving rise to this case occurred on April 30, 2003, when Plaintiff was arrested by Defendant Officer Mark A. Dietz for driving with a revoked license in violation of NMSA 1978 § 66-5-39(A) (2003). Following her arrest, Plaintiff's vehicle was impounded under City of Albuquerque Ordinance § 7-6-1, et seq. (the "Ordinance"). Plaintiff alleges that, at the time of her arrest, she was driving lawfully within the scope of a limited driver's license issued under NMSA 1978 § 66-5-35(B)

(2003). Plaintiff has asserted a federal law cause of action under 42 U.S.C. § 1983, as well as state law causes of action under Article II of the Constitution of the State of New Mexico and the New Mexico Tort Claims Act, claiming that her arrest and the ensuing impoundment of her vehicle violated her constitutional rights.

In the original complaint, Plaintiff requests a variety of relief for her federal and state law causes of action.[1] For her federal § 1983 claim, Plaintiff seeks compensatory and punitive damages, as well as attorney's fees under 42 U.S.C. § 1988. For the state law claims, Plaintiff seeks: 1) damages; 2) a declaratory judgment that the Ordinance violates the Constitution of the United States and the Constitution of the State of New Mexico; 3) an injunction barring Defendants from taking any action to sell or otherwise dispose of Plaintiff's vehicle; 4) an injunction barring Defendants from arresting persons who are lawfully driving a motor vehicle while in possession of a limited driver's license; 5) an injunction requiring Defendant City of Albuquerque and Defendant Police Chief Gilbert Gallegos to adequately train and supervise city police officers to ensure that they are fully aware of the lawful status of a limited driver's license; 6) replevin of Plaintiff's impounded vehicle; and 7) issuance of a writ of Habeas Corpus requiring Defendants to cease and desist from prosecuting Plaintiff under NMSA § 66-5-39(A) in Metropolitan Court, Bernalillo County in the case State v. Alonzo, CR 5881/03. On October 19, 2003, Plaintiff filed an Amended Complaint and First Supplemental Complaint, adding Defendant

---

[1] Plaintiff has not specified in the complaint what type of relief is sought for each particular federal and state law claim. However, in the briefs filed in support of these motions, Plaintiff states that for the federal § 1983 claim, she seeks only compensatory and punitive damages and attorney's fees. For the state law claims, Plaintiff states that she seeks damages, injunctive relief, and a declaratory judgment. Plaintiff does not specify the causes of action under which she seeks replevin of her vehicle and a writ of Habeas Corpus, but it appears from Plaintiff's argument that this relief is also based solely on the state law claims.

Pete Ross, and supplementing the complaint with additional claims for malicious prosecution and vindictive prosecution.

On June 27, 2003, Defendants timely filed a Notice of Removal. Defendants assert that this Court has federal question jurisdiction over Plaintiff's federal law claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). Thus, Defendants contend that removal of this case is proper under 28 U.S.C. § 1441(a) and (b). Plaintiff asks this Court to remand all of the state law claims to the Second Judicial District Court, and to stay the proceedings of the federal Section 1983 claim in this Court pending the outcome of the state court action.

**II.  Discussion**

  A.  Removal and Supplemental Jurisdiction

In the Motion for Partial Remand, Plaintiff objects to the removal of the entire civil action - both federal and state law claims - to this Court. A threshold issue, then, is whether Defendant's removal of Plaintiff's entire case to this court was proper. The removal statute, 28 U.S.C. § 1441(a), allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  As long as a federal district court has original jurisdiction over one or more claims brought in a lawsuit, then the entire lawsuit may be removed to federal court. See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 166 (1997); accord Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1003 (9th Cir. 2001). Plaintiff's original complaint contained a federal law cause of action under 28 U.S.C. § 1983. Accordingly, this entire civil action was properly removed under 28 U.S.C. § 1441(a).

Since removal jurisdiction exists on the basis of original jurisdiction with respect to

Plaintiff's federal law claims, the relevant inquiry regarding the accompanying state law claims is whether they fall within this Court's supplemental jurisdiction. See Int'l Coll. of Surgeons, 522 U.S. at 166. A federal court has jurisdiction over an entire action, including state law claims, whenever the federal law claims and state law claims in the case "'derive from a common nucleus of operative fact' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court constitutes but one constitutional case.'" Id. at 165 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)); see also 28 U.S.C. § 1367(a). Here, all the claims alleged in this lawsuit arise from a common nucleus of facts - namely, the arrest of Plaintiff and the subsequent impoundment of Plaintiff's vehicle. Accordingly, this Court may exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(a).

  B. Standing

  The crux of Plaintiff's argument in support of the Motion for Partial Remand is that the doctrine of Article III standing deprives this Court of jurisdiction to hear Plaintiff's claims for injunctive and declaratory relief. Plaintiff cites the Supreme Court's decision in Los Angeles v. Lyons, 461 U.S. 95 (1983) for the proposition that a plaintiff does not have Article III standing to seek prospective declaratory and injunctive relief absent a showing that the plaintiff is likely to suffer a future injury. On the basis of factual similarities between this case and Lyons, Plaintiff asserts that she does not have standing to seek in federal court prospective injunctive and declaratory relief for either her federal Section 1983 claim or her state law claims. Due to this asserted lack of Article III standing, Plaintiff asks this Court to remand the state law claims for injunctive and declaratory relief to state court, where presumably Plaintiff would be able to seek

such relief under more liberal state law standing requirements.  See Lyons, 461 U.S. at 113 ("state courts need not impose the same standing or remedial requirements that govern federal court proceedings").

A basic tenet of federal jurisprudence is that federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress in accordance with constitutional authority.  Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  One of the requirements of Article III is that a litigant must have standing in order to invoke the power of a federal court.  Phelps v. Hamilton, 122 F.3d 1309, 1316 (10th Cir. 1997) (citing Allen v. Wright, 468 U.S. 737, 750 (1984)).  To meet the requirements of standing, a Plaintiff must show an injury in fact, a causal relationship between the injury and the defendant's challenged acts, and a likelihood that a favorable decision will redress the injury.  PeTA, People for the Ethical Treatment of Animals v. Rasmussen, 298 F.3d 1198, 1202 (10th Cir. 2002) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  In addition, the Supreme Court has held that a Plaintiff must demonstrate standing separately for each form of relief sought in a civil action.  Friends of the Earth v. Laidlaw Envt'l Services, 528 U.S. 167, 185 (2000).

While past injuries may give a plaintiff Article III standing to seek retrospective relief such as damages, a plaintiff may only seek prospective relief if the injury is ongoing or is likely to recur. See PeTA, 298 F.3d at 1202.  As the Supreme Court has stated, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974). Therefore, to seek prospective relief in federal court, a plaintiff must show that there is a "real and

5

immediate" threat of suffering a similar injury.  See Faustin v. Denver, 268 F.3d 942, 948 (10th Cir. 2001).  In other words, the Plaintiff must show that there is "a good chance of being likewise injured in the future."  Facio v. Jones, 929 F.2d 541, 544 (10th Cir. 1991).

In Los Angeles v. Lyons, the Supreme Court held that since the plaintiff had suffered only a past injury, he did not have Article III standing to seek prospective injunctive relief.  461 U.S. at 109-110.  The plaintiff in Lyons brought a claim under 42 U.S.C. § 1983 against the City of Los Angeles and several police officers, alleging that his constitutional rights were violated when officers placed him in a "chokehold" without justification during a traffic stop.  Id. at 97-98.  The plaintiff sought a prospective injunction barring the police from using such chokeholds in the future.  Id. at 98.  However, because the plaintiff could not show a "real and immediate" threat that he would be harmed again by such chokeholds, the Court held that the plaintiff lacked Article III standing to request injunctive relief in federal court.  Id.

Several recent Tenth Circuit decisions have applied the analysis from Lyons to determine that plaintiffs who suffered solely from past injuries did not have standing to seek prospective injunctive or declaratory relief in actions brought under 42 U.S.C. § 1983.  In Faustin v. Denver, the Tenth Circuit held that a plaintiff lacked Article III standing to seek prospective injunctive relief because she had failed to show a "real and immediate" threat that she would suffer future injury. 268 F.3d 942, 947-48 (10th Cir. 2001).  The plaintiff in Faustin had brought suit after being charged with violating a city sign posting ordinance; yet, the Court found that the plaintiff had not shown that she was likely to be arrested again for violating the ordinance in the future. Id.  Similarly, in PeTA v. Rasmussen, the Tenth Circuit held that the plaintiff lacked standing to seek a prospective declaratory judgment regarding the constitutionality of a state anti-protesting

6

statute. 298 F.3d at 1203. In that case, the plaintiff organization brought suit after its members were threatened with arrest for violating the statute; yet the Court held that the plaintiff failed to show that there was a "good chance" that its members would be arrested under the statute in the future. Id.

Here, Plaintiff concedes that she does not have Article III standing to seek prospective injunctive and declaratory relief for her federal Section 1983 claim. (Docket No. 6 at 5; Docket No. 12 at 3). The facts that Plaintiff alleged in the amended complaint show only that she suffered a past injury. Plaintiff has not alleged that she is likely to be arrested while lawfully driving with a limited license in the future, nor has she alleged that she is likely to have another vehicle impounded under the Ordinance. Plaintiff has not alleged any other facts that would support a finding that there is a "real and immediate" threat of her suffering a similar future injury. Thus, under the reasoning in Lyons, Faustin, and PeTA, Plaintiff would not have standing to seek prospective injunctive and declaratory relief for the Section 1983 claim relief in federal court.[2]

However, Plaintiff's lack of Article III standing to seek prospective relief for her federal law claim is not determinative of whether Plaintiff has standing to seek such relief for her state law claims. Lyons and its progeny addressed the issue of Article III standing for federal claims. None of those cases addressed the issue of whether Article III standing requirements must be met for state law claims that fall within a federal court's supplemental jurisdiction.

---

[2] However, based on the facts alleged in the amended complaint, Plaintiff does have Article III standing to seek in federal court retrospective relief such as damages for the § 1983 claim. Plaintiff alleges that she suffered an injury in fact to her constitutionally protected rights to be free from unlawful arrest and unlawful seizure when she was arrested and her vehicle was impounded. Defendant's actions had a causal relationship to Plaintiff's alleged injuries, and the retrospective relief that Plaintiff seeks - compensatory and punitive damages, replevin, and a writ of Habeas Corpus - would redress Plaintiff's injuries. See PeTA, 298 F.3d at1203.

This issue - whether Article III standing applies equally to state law claims that are within a federal court's supplemental jurisdiction - is at the heart of Plaintiff's Motion to Remand. The underlying premise of Plaintiff's argument is that Article III standing must exist for state law claims brought under a federal court's supplemental jurisdiction. Yet, Plaintiff cites no authority that directly supports this proposition. In fact, there appears to be no controlling authority that directly addresses this discrete issue. However, the few reported cases on point, which are from the Seventh Circuit and district courts outside the Tenth Circuit, all reach a conclusion that is contrary to Plaintiff's position. They assert that state law claims brought in federal court under supplemental jurisdiction must meet <u>state law</u> standing requirements, rather than Article III standing requirements. <u>See</u> <u>Frey v. Envt'l Protection Agency</u>, 270 F.3d 1129, 1137 (7th Cir. 2001) (using state law standing requirements to analyze whether plaintiff had standing to bring state law claim in federal court under supplemental jurisdiction); <u>see also</u> <u>City of New Rochelle v. Town of Mamaroneck</u>, 111 F.Supp.2d 353, 358 n. 3 (S.D.N.Y. 2000); <u>Alber v. Illinois Dep't of Mental Health</u>, 786 F.Supp. 1340, 1354 (N.D. Ill. 1992); <u>Myers v. Richland County</u>, 2003 WL 22434086 *1, *4 (D.N.D. 2003) ("[s]tate law is used to determine standing on state-law claims brought before a district court through the exercise of supplemental jurisdiction.").

The case on which Plaintiff relies, <u>Langford v. Gates</u>, does not directly support the proposition that state law claims must meet the requirements of Article III standing. 610 F.Supp. 120 (C.D.C.A. 1985). In <u>Langford</u>, the plaintiff brought a civil rights action in state court, asserting claims under both federal and state law for injunctive and declaratory relief. <u>Id.</u> at 121. After the defendant removed the action to federal court, the plaintiff sought a remand. <u>Id.</u> The court in <u>Langford</u> applied the analysis from <u>Lyons</u> and held that the plaintiff had not shown a

8

likelihood of suffering a future injury, and thus lacked Article III standing to seek injunctive and declaratory relief in federal court. Id. at 122. Accordingly, the Court remanded all claims for such relief to state court under 28 U.S.C. 1447(c). Id. at 122. However, the court in Langford did not specify whether it considered the claims for injunctive and declaratory relief to be based on federal law or state law. Thus, the decision did not analyze whether the Article III standing requirements established in Lyons apply equally to state law claims.

      Thus, all of the reported authority on point indicates that it is state law that determines whether a plaintiff has standing to bring state law claims for prospective relief in federal court through supplemental jurisdiction. Under New Mexico law, to have standing a plaintiff must show the same three elements that are required by Article III: an injury in fact, causation, and redressability. New Mexico Right to Choose/NARAL v. Johnson, 1999-NMSC-005 ¶ 12, 126 N.M. 788, 794 (N.M. 1998); Does I Through III v. Roman Catholic Church of the Archdiocese of Santa Fe, Inc., 1996-NMCA-094 ¶ 28, 122 N.M. 307, 314 (N.M. Ct. App. 1996). Yet, the New Mexico Supreme Court has not followed the U.S. Supreme Court's departure from the traditional conception of the standing requirement by analyzing standing separately for each form of requested relief. See Lyons, 461 U.S. at 127 (Marshall, J., dissenting). Moreover, courts in New Mexico are not constrained by the same jurisdictional and justiciable limitations that are imposed on federal courts by Article III. Johnson, 1999-NMSC-005 ¶ 12,126 N.M. at 794. Thus, it would not be proper to impose the more strict standing requirements set forth in Lyons to determine whether a plaintiff has standing under New Mexico law. See Archdiocese of Santa Fe, 1996-NMCA-094 ¶ 18, 122 N.M. at 312, (cautioning against adopting U.S. Supreme Court standing requirements when doing so may constitute a departure from New Mexico Supreme

9

Court's interpretation of standing).  Since Plaintiff has alleged an injury in fact that was caused by Defendants' actions and that is redressable by the relief sought, Plaintiff has standing under New Mexico law to bring her state law claims in this Court through supplemental jurisdiction.

    C.    Abstention

Plaintiff further asserts that bringing the state law claims in this Court raises issues of federalism and comity, and that therefore abstention principles warrant the remand of the state law claims.  Plaintiff cites the Supreme Court's decision in Quackenbush v. Allstate, 517 U.S. 706 (1996), as general support for the proposition that abstention is proper in this case because the plaintiff has requested equitable relief and this case implicates "significant issues of comity." (Plf. Br. at 9).  In Quackenbush, the Supreme Court held that a federal court may dismiss or remand a case where the plaintiff seeks equitable relief and the case presents "difficult questions of state law," or if a federal court's adjudication of the case "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."  Quackenbush, 517 U.S. at 707, 726-27.  However, the Supreme Court noted that abstention is an "extraordinary and narrow exception to a district court's duty to adjudicate a controversy properly before it." Id. at 728.  Plaintiff has not indicated how the issues presented in this case raise "difficult issues of state law," nor has Plaintiff attempted to show that adjudicating this case in federal court would disrupt the state's efforts to establish a coherent policy regarding a matter of substantial public concern.  Thus, Plaintiff has failed to demonstrate that proper grounds exist for this Court to exercise abstention under the principles set forth in Quackenbush.

THEREFORE, it is ORDERED that Plaintiff's Motion for Partial Remand and Motion for Stay of Proceedings are DENIED.

                                                  _____
                                                  SENIOR UNITED STATES DISTRICT JUDGE